**\*E-FILED 6/12/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF ZIAM BOJCIC, et al.,<br><br>  Plaintiffs,<br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>  Defendants. | NO. C05 3877 RS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS, WITH LEAVE TO AMEND** |

## I. INTRODUCTION

This action arises from an incident in which Ziam Bojic was shot and killed during a confrontation with a San Jose police officer outside a Starbucks coffee house. Plaintiffs are the "Estate of Ziam Bojcic" and certain of his relatives. Defendants are Officer Donald Guess and the City of San Jose Police Department (collectively "the City"), and Starbucks and the "Starbucks Manager" (collectively "Starbucks").

The City and Starbucks both filed motions to dismiss based on various aspects of the complaint they contend are deficient. Plaintiffs opposed the motions, but also filed a "counter motion" requesting leave to amend, and attaching a proposed first amended complaint. The motions were heard on June 7, 2006. As discussed at the hearing, the Court exercised its discretion to grant the motion for leave to amend and then deemed the motions to dismiss as directed at the amended complaint. Based on the arguments of counsel and all papers filed to date, the motions to dismiss will be granted, with leave to amend.

1

## II. DISCUSSION

A. <u>The City's Motion to Dismiss</u>

### 1) *Proper Constitutional Basis of § 1983 Claim*

The amended complaint purports to ground its claim under 42 U.S.C. § 1983 on alleged violations of the Fourth and Fourteenth Amendments. The City argues that although a claim under the Fourteenth Amendment may be possible in theory, plaintiffs have failed to allege one adequately here. At the hearing plaintiffs represented that they would not attempt to pursue a claim under the Fourteenth Amendment. Accordingly, this aspect of the motion to dismiss is granted, with leave to amend to base the section 1983 claim on the Fourth Amendment only.

### 2) *Proper Plaintiffs*

The amended complaint remedies a defect of the original complaint by omitting several plaintiffs. As discussed at the hearing, however, plaintiffs should revise the caption when they file their second amended complaint to avoid any ambiguity as to who remains as a plaintiff.[1]

### 3) *Monell Liability*

Under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and its progeny, "[a] municipality or government entity cannot be found liable under section 1983 on a respondeat superior theory; such liability can be imposed only for injuries inflicted pursuant to an official government policy." *Tanner v. Heise*, 879 F.2d 572, 582 (9th Cir. 1989). Although the amended complaint contains more that is directed to pleading a claim under *Monell* than existed in the original complaint, plaintiffs have represented that they will give further attention to the issue. Accordingly, this aspect of the motion to dismiss is granted, with leave to amend.

### 4) *State Claims*

The City's motion challenged all of the state law claims based on plaintiffs' failure file a

---

[1] Starbucks has raised an additional question as to whether Bojcic's mother is in fact a proper plaintiff under California Probate Law. This would appear to go beyond matters appropriately examined on a motion to dismiss under Rule 12 (b) (6), and it does not appear that plaintiffs necessarily should be *required* to allege facts that would resolve the point even under Rule 12 (e). Nevertheless, plaintiffs are encouraged to remove any doubt by pleading facts sufficient to establish that Bojcic's mother is a proper plaintiff, or if the facts are to the contrary, remove her from the complaint.

2

1   claim under the California Tort Claims Act (Cal. Govt. Code §§ 810 et seq.).  Plaintiffs attached a
2   copy of an unsigned tort claim to the amended complaint, but the pleading does not refer to the
3   attachment or otherwise demonstrate that plaintiffs have complied with the Tort Claims Act.
4   Accordingly, this aspect of the motion to dismiss is granted, with leave to amend either to allege
5   compliance with the Tort Claims Act or to omit any claims subject thereto.

6   B.  Starbucks' Motion

7   Starbucks' motion raises two main challenges to plaintiffs' claims.[2]  First, Starbucks argues
8   that all of the state law claims directed against it are barred in light of the privilege of California
9   Civil Code § 47 (b).[3]  Plaintiffs do not dispute that the amended complaint fails on this ground, but
10  suggest that they may be able to allege facts that would vitiate the privilege.  Accordingly, this
11  aspect of the motion to dismiss is granted, with leave to amend.  Second, Starbucks challenges the
12  section 1983 claim on grounds that it is not a state actor.  The parties are in agreement that under
13  some circumstances a private actor's entanglement with a state actor can rise to a level that the
14  private actor may be held liable under section 1983, but there is no dispute that the amended
15  complaint fails to state such a claim.  Accordingly, this aspect of the motion to dismiss is granted,
16  with leave to amend.  Although plaintiffs have been granted leave to amend their claims against
17  Starbucks, they should do so only if they can, in good faith, allege a basis for liability
18  notwithstanding the substantial legal barriers that exist, as suggested by this motion.

### III.  CONCLUSION

21  Plaintiffs' motion for leave to amend is GRANTED, and the proposed amended complaint
22  submitted with that motion shall be deemed filed as the First Amended Complaint.  The motions to
23  dismiss are deemed applicable to the First Amended Complaint and are GRANTED, with leave to

---

[2] Starbucks has alluded to various other difficulties, or potential difficulties, plaintiffs face with respect to some or all of their claims against Starbucks.  Because the two main arguments are dispositive, the Court does not reach those additional points at this time.

[3] Starbucks acknowledges that there is uncertainty as to whether the state law privilege would bar a claim under section 1983, if plaintiffs can otherwise state a viable claim under that statute.  In light of the fact that plaintiffs have yet to allege a viable section 1983 claim against Starbucks, that issue need not be decided at this juncture.

United States District Court
For the Northern District of California

amend as specified above. The Second Amended Complaint shall be filed within 20 days. The case management conference is hereby continued to September 13, 2006, at 2:30 p.m.

IT IS SO ORDERED.

Dated: June 12, 2006

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Rebecca Connolly     Rebecca.Connolly@grunskylaw.com, debbie.yee@grunskylaw.com

Clifford S. Greenberg     cao.main@ci.sj.ca.us

Kevin Roy McLean     krm@bellilaw.com, webmaster@bellilaw.com

Cal J. Potter , lll     lpotter@potterlawoffices.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/12/06**                                                     **Chambers of Judge Richard Seeborg**

**By:**     **/s/ BAK**