**United States District Court**
For the Northern District of California

**\*E-FILED 10/31/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ESTATE OF ZIAM BOJCIC, et al.,

                Plaintiffs,

  v.

CITY OF SAN JOSE, et al.,

                Defendants.

_____/

NO. C05 3877 RS

**ORDER DISMISSING FIFTH CLAIM FOR RELIEF**[1]

     The fifth claim for relief[2] in the Amended Complaint in this action seeks to impose liability against the City of San Jose and its police department for negligence in connection with the "hiring, selection, training, supervision, oversight, direction, retention, and control" of police officers, specifically Officer Guess. In their motion to dismiss the original complaint herein, and in their

---

    [1] The background of this action has been described in prior orders and will not be repeated here.

    [2] Using nomenclature customary in California state courts, the Amended Complaint refers to this as the fifth "cause of action."

1

motion for summary judgment,[3] defendants' sole challenge to all of the claims brought under state law was an argument that plaintiffs had failed to submit an administrative claim as required by California Government Code section 905, thereby barring the claims in this action under California Government Code section 945.4.

In their reply brief in support of the motion for summary judgment, defendants raised for the first time an argument that the fifth claim for relief fails to state a cognizable claim under California law, given the authority of *Munoz v. City of Union City*, 120 Cal.App.4th 1077 (2004).[4]  The Court's order on the motion declined to reach that argument, noting that it would be unfair to plaintiffs to decide the motion on grounds not raised in the moving papers.

Defendants have now again raised the issue of whether the fifth claim for relief states a claim, by way of their motions *in limine*.  Plaintiffs respond: (1) defendants should not be permitted to raise issues *in limine* that are more properly brought as part of a motion to dismiss or for summary judgment; (2) the Court's ruling on summary judgment should be viewed as dispositive of this issue, and; (3) *Munoz* would not be controlling here, given that the Court has declined to rule as a matter of law that defendants are entitled to immunity.

As to plaintiff's first point, they may be correct that defendants are seeking a ruling as to the legal viability of the claim, which could have been resolved via a motion to dismiss or in summary judgment proceedings.  Rule 12(c) of the Federal Rules of Civil Procedure, however, permits motions for judgment on the pleadings at *any* time, provided that trial is not delayed.   Although defendants did not expressly label their "motion *in limine*" as one that sought judgment on the pleadings under Rule 12(c), it is clear that was the gravamen of the argument.   The Court generally does not automatically construe any represented party's pleadings in favor of preserving their claims or arguments, but the Court *will* construe pleadings in a manner that is consistent with both judicial efficiency and the interests of justice.  In this instance, the Court is satisfied that plaintiffs have now

---

[3]  Defendants did not move to dismiss the amended complaint.

[4]  As explained in greater detail below, the Court concludes that *Munoz* is controlling here, and that is compels a conclusion that plaintiffs cannot, as a matter of California law, pursue a claim for *direct* negligence against the City of San Jose or its police department, as stated in the fifth claim for relief.

**United States District Court**
For the Northern District of California

had fair opportunity to argue that the fifth claim for relief states a cognizable claim.  In view of the conclusion that there is *not* a cognizable claim, as explained further below, it would not be in the interests of justice to allow plaintiffs to proceed with such a claim based on technical or procedural arguments as to how and when defendants challenged the viability of the claim.  For example, were the matter not decided on the pleadings, defendants would still be entitled to a directed verdict that plaintiffs cannot recover under the fifth claim for relief, regardless of what evidence is presented at trial.  Better, then, to have the issue decided now.

Plaintiffs' second point in opposition is that the Court's ruling on summary judgment should be viewed as dispositive.   As noted above, that order declined to reach the merits of the question because it had not been raised in the opening papers.  The issue was squarely presented in defendants' motion "*in limine*."  Even though plaintiffs opposed the motion on *procedural* grounds, they also addressed the substance of defendants' argument that *Munoz* applies.  See Plaintiffs' Opposition to Defendants' Motions *in Limine*, (Docket No. 52) at section D.  Accordingly, there is no reason to conclude either that the question was previously decided or that it should not be decided now.

Plaintiffs' final argument is that *Munoz* is not controlling here because the Court has already concluded that defendants are not entitled as a matter of law to immunity.  Plaintiffs contend that even under *Munoz*, a public entity is potentially liable in negligence unless, "immunized from liability by statute."  The holding in *Munoz*, however, was precisely the opposite:

> A public entity is not liable for an injury, except as otherwise provided by statute. (Gov.Code, § 815.)   In other words, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714.

120 Cal.App.4th at 1112 (quoting *Eastburn v. Regional Fire Protection Authority,*  31 Cal.4th 1175. 1183 (2003) (quotation marks and ellipsis omitted.)  The *Munoz* court expressly held that California law does *not* provide a basis to hold a municipality liable for its alleged "negligence in the selection, training, retention, supervision, and discipline of police officers" in the precise context of a claim of unlawful use of force by an officer.  As that is exactly the theory of liability alleged in the fifth claim for relief here, the claim fails, and the City of San Jose is entitled to judgment thereon.  See also,

*Megargee v. Wittman*, 2006 WL 2988945, *10 (E.D.Cal. 2006) (following *Munoz* and dismissing

similar claim under Rule 12(b)(6); *Reinhardt v. Santa Clara County*, 2006 WL 662741, *6

(N.D.Cal.2006) (same).   Accordingly, the fifth claim for relief of the Amended Complaint is hereby

dismissed, with prejudice.

IT IS SO ORDERED.

Dated: October 31, 2007

RICHARD SEEBORG
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4

**United States District Court**

For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Rebecca Connolly      Rebecca.Connolly@grunskylaw.com, Alice.Wilkerson@grunskylaw.com

Clifford S. Greenberg     cao.main@ci.sj.ca.us

Kevin Roy McLean      krm@bellilaw.com, webmaster@bellilaw.com

Cal J. Potter , lll     lpotter@potterlawoffices.com

Randall H. Scarlett     rscarlett@scarlettlawgroup.com, reormiston@scarlettlawgroup.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/31/07**                                      **Chambers of Judge Richard Seeborg**

                                                          **By:          /s/ BAK**

5