*E-FILED 11/6/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF ZIAM BOJCIC, et al., | NO. C05 3877 RS |
| Plaintiffs, | **ORDER RE MOTIONS *IN LIMINE*** |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | |

On October 15, 2007, defendants filed, in one document, eight numbered motions *in limine*. On October 18, 2007, plaintiffs filed a single motion *in limine*. Argument on the motions was entertained at the pretrial conference held on October 24, 2007. There having been no objection to defendants' first, fifth, sixth, and seventh motions, those motions are all GRANTED. By separate order, the Court previously denied defendants' request to bifurcate, which was the subject of their second motion. Also by prior separate order, plaintiffs' fifth claim for relief was dismissed, thereby effectively granting defendants' third motion *in limine*. The parties stipulated that they would meet and confer to resolve the issues raised in plaintiffs' motion *in limine*.

1

1    Accordingly, remaining to be decided are defendants' fourth and eighth motions, both of
2 which relate to the appropriate scope of expert testimony.  By their fourth motion, defendants seek to
3 preclude plaintiffs' expert, D.P. Van Blaricom, from offering testimony similar to that submitted in
4 his declaration in opposition to the summary judgment motion that: (1) use of either oleoresin
5 capsicum ("OC") spray or a baton would have been an appropriate response when Bojcic was
6 holding the chair, and (2)  "considerably less force" could and should have been used by Officer
7 Guess in response to Bojcic's subsequent attack. Defendants' argument that such testimony should
8 be precluded is premised on the notion that "where deadly force is otherwise justified under the
9 Constitution, there is no constitutional duty to use non-deadly alternatives first." *Plakas v. Drinski*,
10 19 F.3d 1143, 1149.

11    For at least two reasons, defendants have failed to establish that Van Blaricom's testimony
12 should be precluded.  First, there is no dispute that at the time Bojcic was holding the chair, the
13 circumstances had not risen to a level that would warrant the use of deadly force by Officer Guess.
14 While the principle that police officers are not constitutionally required to select the *lowest* level of
15 response to any situation remains applicable, the authorities cited by defendants all involved
16 situations where deadly force was as least arguably warranted.  Although defendants may have some
17 basis to claim a lack of relevance for Van Blaricom's opinions as to how Officer Guess should have
18 responded to the *subsequent* physical, they have made much less of a showing to preclude Van
19 Blaricom from testifying about options Officer Guess had at his disposal earlier in the encounter.
20 Defendants, of course, will be entitled to have the jury instructed as to the applicable law, and will
21 be free to argue that the law did not require Officer Guess to act other than as he did.

22    Second, the only case cited by defendants that appears to relate to the *admissibility* of
23 evidence is *Shultz v. Long*, 44 F.3d 643 (8th Cir. 1995), which held that the trial court had not
24 abused its discretion in granting a motion to exclude evidence of alternative measures police officers
25 could have used when confronting an ax-wielding paranoid schizophrenic.  In his declaration, Van
26 Blaricom does not appear to be advancing an opinion that Officer Guess should have used a degree
27 of force that was less than deadly upon being confronted with a situation presenting a significant
28 threat of death or serious physical injury.  Rather, Van Blaricom seems to be offering an opinion

**United States District Court**
For the Northern District of California

1  that the evidence, including the relatively minor extent of the physical injuries actually suffered by
2  Officer Guess, is inconsistent with a conclusion that there was ever a significant threat of death or
3  serious physical injury.  That opinion may not be consistent with the testimony of some witnesses
4  that Officer Guess appeared to be "losing" the "fist-fight" and the fact that Officer Guess was
5  armed.[1]  It is for the jury, however, to resolve that conflict..

6  Thus, while defendants may be correct that it would not be an abuse of discretion to exclude
7  evidence of "less lethal alternatives" in a case where use of deadly force was plainly justified, they
8  have not shown that plaintiffs should be precluded from offering expert opinion that the
9  circumstances here did not warrant the use of deadly force at all.  As reflected in the Court's order
10 on defendants' motion for summary judgment, the Court was inclined to conclude from the record
11 presented that Officer Guess acted reasonably in exercising deadly force once the situation had
12 escalated to the point it did, and the motion was denied only because there were questions of fact as
13 to whether Office Guess had intentionally or recklessly committed a prior constitutional violation
14 that gave rise to the subsequent circumstances.  Absent a conclusion that a partial directed verdict is
15 warranted, however,  the jury must now decide not only whether there was such a prior independent
16 constitutional violation, but also whether Officer Guess was entitled to use deadly force even if he
17 committed no such prior wrong.

18 Defendants' eighth motion *in limine* raises the question of the extent to which an expert may
19 be precluded from offering opinions on matters that lie within the province of the jury.  Particularly
20 instructive here is *Davis v. Mason County*, 927 F.2d 1473 (9th Cir. 1991), a case that has been
21 superceded by statute on other grounds, but in which the Ninth Circuit considered the admissibility
22 of similar testimony from D.P Van Blaricom.

23 The *Davis* court stated:

24 [Defendant] objected to plaintiffs' police expert, Donald Van Blaricom, because he
testified that Sheriff Stairs was reckless in his failure to adequately train his deputies,
25 and that there was a causal link between this recklessness and plaintiffs' injuries.

---

[1] Plaintiffs assert there is no evidence Bojcic ever attempted to obtain control of Officer Guess's firearm.  That may be so, but it is not dispositive of the question of whether an armed police officer, who some witnesses say was losing a  fistfight, might reasonably assume he faced a significant threat of death or serious physical injury.

3

They contend that this was improper opinion testimony on a question of law.

This argument is without merit. Fed.R.Evid. 704 allows expert witnesses to express an opinion on an ultimate issue to be decided by the jury. [Citation.] Moreover, Fed.R.Evid. 702 permits expert testimony comparing conduct of parties to the industry standard. [Citation]. The trial court did not abuse its discretion in admitting Van Blaricom's testimony.

927 F.2d at 1484-85.

That noted, the Ninth Circuit has also made clear that the propriety of an expert opining on "ultimate issues" does *not* go so far as to permit an expert to offer *legal* conclusions. The somewhat subtle distinction has been explained as follows:

> It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper . . . However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. *E.g., McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir.1999); *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original).

*Muhktar v. California State University, Hayward*, 299 F.3d 1053, 1065 n. 10 (9th Cir.2002)

Here, in his declaration offered in opposition to the motion for summary judgment, Van Blaricom expressly disclaimed any intent to offer opinions as to questions of law. See Van Blaricom declaration, ¶ 9 ("My use of certain [legal] terms . . . merely reflects my training, in applying reasonable standards of care to officers' conduct, and does not presume or imply a statement of any legal opinion.")  At trial, Van Blaricom should similarly avoid offering any legal opinions, and should do so by not stating his conclusions in terms that mirror the instructions that will be given to the jury. Thus, while Van Blaricom may freely opine that Officer Guess should not have acted in the manner that he did, or that he should have done something else, he should not be asked for or volunteer an opinion that Office Guess acted unconstitutionally or exercised "excessive force." This order does not bar Van Blaricom from using the terms "reasonable" or "unreasonable" in his testimony, but both the questions posed to him and his answers should avoid language in the form of

4

**United States District Court**
For the Northern District of California

1  a legal conclusion.  Accordingly, defendants' motion is granted to the extent reflected above and is
2  otherwise denied.
3
4  IT IS SO ORDERED.
5  Dated: 11/6/07

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Rebecca Connolly     Rebecca.Connolly@grunskylaw.com, Alice.Wilkerson@grunskylaw.com

Clifford S. Greenberg     cao.main@ci.sj.ca.us

Kevin Roy McLean     krm@bellilaw.com, webmaster@bellilaw.com

Cal J. Potter , lll     lpotter@potterlawoffices.com

Randall H. Scarlett     rscarlett@scarlettlawgroup.com, reormiston@scarlettlawgroup.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/6/07**                                         **Chambers of Judge Richard Seeborg**

**By:**  _____/s/ BAK_____